UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILE MOREAU,

                    Plaintiff,

        -against-

DEN PETERSON; TRAUDE ELLERT; JEAN
MIDTSKOGEN; WILLIAM A. LEE; AND
SERGEANT KUTZ,

                    Defendants.

7:14-cv-0201 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Emile Moreau ("Plaintiff"), an inmate at Green Haven Correctional Facility ("Green Haven") brings this action under 42 U.S.C. § 1983 against Green Haven teachers Den Peterson and Jean Midtskogen, Green Haven school principal Traude Ellert, Prison Superintendent William A. Lee, and Sergeant Ronald Kutz in their personal and official capacities for violations of his constitutional rights. Defendants Peterson, Ellert, Lee, and Kutz (collectively, the "Defendants") move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is GRANTED.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint unless otherwise noted, and are accepted as true for the purposes of this motion.

Plaintiff is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Green Haven. Gleaned from the Complaint are a number of claims alleging that Plaintiff was discriminated against on the basis of his race, and that, as a result of filing an official grievance with DOCCS against Defendants Peterson and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/13/2015

Ellert regarding the alleged discrimination, Plaintiff was retaliated against as part of a conspiracy by Defendants Peterson, Ellert, Midtskogen, and Kutz. Plaintiff also alleges that he was treated with deliberate indifference by Defendants Lee and Kutz as a result of their failure to acknowledge his facility transfer request and for placing his cell near an inmate who previously attacked him. Finally, Plaintiff asserts that Defendant Kutz violated his due process rights by confining him to his cell.

While incarcerated at Green Haven, Plaintiff attended pre-GED classes and successfully advanced to the GED level class. On April 8, 2010, Plaintiff attended Defendant Peterson's GED 3 class, but Defendant Peterson asked him to leave shortly after the beginning of class purportedly due to his body odor. (Compl. ¶ 10.) Plaintiff states that he did not smell and that he was discriminated against for being Haitian. (*Id.* ¶ 11.) Plaintiff wrote a letter to Defendant Ellert explaining the situation and requesting to be removed from Defendant Peterson's class. (*Id.* ¶ 12.) Plaintiff then filed an official grievance against Defendant Peterson on April 12, 2010. (*Id.* ¶ 13.) Following a discussion with Defendants Ellert and Peterson, Plaintiff and the two defendants purportedly reached an agreement that Plaintiff would withdraw his grievance in exchange for his GED certificate, which would be issued whether or not Plaintiff passed the GED exam. (*Id.* ¶ 14.) Shortly thereafter, Plaintiff wrote a letter to the Inmate Grievance Review Committee ("IGRC") seeking to withdraw his grievance. (*Id.* ¶ 15.) Nevertheless, rather than permitting Plaintiff to withdraw his grievance, Defendant Superintendent Lee denied the grievance, and Plaintiff appealed the decision to the Central Office Review Committee ("CORC") on May 4, 2010. (*Id.* ¶¶ 16-17.)

On September 23, 2010, Defendant Midtskogen, a teacher at the prison, provided Plaintiff with incorrect instructions for completing the essay portion of one of Plaintiff's exams.

(*Id.* ¶ 18.) When Plaintiff turned in his exam, Defendant Midtskogen recognized the error, but she told Plaintiff not to worry because Defendant Peterson was an exam supervisor and she would speak with him. (*Id.* ¶ 19.) Plaintiff spoke with Defendants Peterson and Ellert regarding the mistake, and they told him "everything was fine." (*Id.*) However, on September 25, 2010, Plaintiff learned that he had failed the exam because he did not complete the essay portion properly. (*Id.* ¶ 20.)

On October 12, 2010, Plaintiff sent a letter to Defendant Lee requesting a transfer from Green Haven because he feared retaliation from Defendants Peterson and Ellert, as well as from Defendant Peterson's "inmates friends." (*Id.* ¶ 22, Ex. F.) On October 25, 2010, Plaintiff sent another letter to Defendant Lee asking for a response to his transfer request. (*Id.* Ex. F.)

On August 13, 2012, Defendant Ellert ordered Plaintiff to take a Test of Adult Basic Education ("TABE exam"), scheduled for October 23, 2012. (*Id.* ¶ 31.) On October 18, 2012, Plaintiff's cousin passed away. (*Id.* ¶ 32). The next day, Plaintiff asked Defendant Ellert if he could take the exam on a different date due to his cousin's death. (*Id.* ¶ 33.) Defendant Ellert expressed her condolences and asked if Plaintiff's cousin was Haitian; she then refused to allow Plaintiff to reschedule his exam. (*Id.* ¶ 33.)

During December 2012 and January 2013, Plaintiff claims that inmate Mack, who is allegedly best friends with Defendant Peterson, acted violently towards Plaintiff and extorted him. (*Id.* ¶ 35.) Consequently, Plaintiff requested a cellblock transfer on January 6, 2013. (*Id.* ¶ 36.) Defendant Kutz granted the request, but purportedly placed Plaintiff under keeplock confinement for thirteen days. (*Id.*) At this time, Plaintiff did not have access to the notary and could not file any claims with the Court. (*Id.*) As a result of being confined to his cell, Plaintiff missed class and was subsequently subject to a disciplinary hearing. At the hearing, Defendant

Kutz testified that he had not placed Plaintiff under keeplock confinement. (*Id.* ¶ 38.) Other inmates testified on Plaintiff's behalf, stating that Defendant Kutz had placed Plaintiff under keeplock confinement, and the charges were dismissed. (*Id.*)

After Plaintiff successfully vindicated himself in the disciplinary hearing, inmate Dennis, an inmate with whom Defendant Peterson had a relationship, warned Plaintiff to leave the school. (*Id.* ¶ 39.) A few weeks later, on March 1, 2013, Plaintiff saw the same inmate talking to Defendant Peterson in his classroom. The inmate then entered Plaintiff's classroom and tried to attack him. (*Id*. ¶ 40.)

On March 7, 2013, Defendant Kutz transferred Plaintiff to a cell near inmate Dennis and asked Plaintiff why he had filed a grievance against Defendants Peterson and Ellert. (*Id.* ¶ 41.) On March 11, 2013, Plaintiff requested protective custody, which he received, and a transfer from Green Haven, which was not granted. (*Id.* ¶ 42.)

## STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint does not require "detailed factual allegations" to survive a motion to dismiss, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. However, "a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently 'raise a right to relief above the speculative level.'" *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218,

223 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

Pro se submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis omitted). Courts utilize this policy for pro se submissions based on "the understanding that [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 475 (internal citations and quotation marks omitted).  However, a "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations omitted) (alteration in original).

When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). Courts may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). One way a document may be deemed incorporated by reference is where the complaint "refers to" the document. *EQT Infrastructure Ltd. v. Smith,* 861 F. Supp. 2d 220, 224 n.2 (S.D.N.Y. 2012). "Where . . . 'exhaustion of administrative remedies is a prerequisite to bringing suit, a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein.'" *Zappulla v. Fischer,* No. 11

Cv. 6733 (JMF), 2013 WL 1387033, at * 1 (S.D.N.Y. Apr. 5, 2013) (quoting *Wilson v. N.Y.C. Police Dep't*, No. 09 Cv. 2632 (PAC)(HBP), 2011 WL 1215031, at *6 (S.D.N.Y. Feb. 4, 2011)).

## DISCUSSION

### I.    Claims Against Defendant Midtskogen

As an initial matter, Defendant Midtskogen has not been served with the summons and complaint in this matter. After the Marshals Service was not able to effect service on Midtskogen, (Docket No. 13), Plaintiff asked this Court to instruct the Marshals Service to determine Midtskogen's address from the New York State Department of Motor Vehicles' drivers' license and registration database. (Docket No. 19.)  The Court denied Plaintiff's request, holding that it was Plaintiff's responsibility to provide Midtskogen's address to the Marshals. (Docket No. 21.)

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the time to effect service expired on September 10, 2014.  However, "[u]nder Rule 4(m), the Court *must* extend the time to serve if plaintiff has shown good cause, and *may* extend the time to serve even in the absence of good cause." *Deluca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) (emphasis in original); *see Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). Plaintiff fails to show any cause, good or otherwise, as to why he failed to timely effect service. Further, as discussed below, Plaintiff also fails to state any valid claims against Defendant Midtskogen. Additional analysis of whether the Court should extend the time to serve in the absence of good cause is therefore unnecessary.

Defendant Midtskogen was not served within 120 days from the date that the summons was issued in this matter. (*See* Docket No. 9) (requiring service within 120 days of summons pursuant to Fed. R. Civ. P. 4(m) and 41(b).) The Court therefore dismisses all claims against her without prejudice.

**II.       Abandonment of Claims**

Although Plaintiff submitted opposition papers to the instant motion, Defendants contend that Plaintiff failed to dispute a majority of Defendants' arguments including that: (1) Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment; (2) Plaintiff's claims against Defendant Lee; his April 8, 2010 racial discrimination claim against Defendant Peterson; and his September 25, 2010 retaliation and conspiracy claims against Defendants Ellert and Peterson, are all untimely; (3) Plaintiff failed to state valid retaliation claims; (4) Plaintiff failed to state a claim that Defendant Ellert's conduct on October 19, 2012 denying Plaintiff the ability to reschedule his exam violated the Equal Protection Clause of the Fourteenth Amendment; (5) Plaintiff failed to state a claim that Defendants Peterson and Ellert denied him a fair test; (6) Plaintiff failed to state a claim concerning his keeplock confinement; and (7) Plaintiff's claim for monetary damages related to emotional pain and mental anguish should be denied because he failed to allege a physical injury. (*See* Def.'s Reply at 2.) Defendants request that the Court deem these allegations abandoned and dismiss the related claims. The Court agrees, as "[P]laintiff's failure to respond to contentions raised in a motion to dismiss . . . constitutes an abandonment of those claims." *Youmans v. Schriro*, No. 12 Cv. 3690 (PAE)(JCF), 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013) (citing *M.M. ex rel. J.M. v. New York City Department of Education,* No. 09 Cv. 5236, 2010 WL 2985477, *6 (S.D.N.Y. July 27, 2010) (collecting cases); *Brandon v. City of New York,* 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (same)).

In any event, even if Plaintiff had not abandoned these claims, all of Plaintiff's claims would be barred by either the Eleventh Amendment, the statute of limitations, or Plaintiff's failure to exhaust his administrative remedies.

### III.    Eleventh Amendment

Plaintiff brings his claims against Defendants in their "personal and professional capacities." (Compl. ¶ V.) To the extent that Plaintiff sues Defendants for damages in their official capacities as employees of DOCCS, a state agency, Plaintiff's § 1983 claims are barred by the Eleventh Amendment.

The Eleventh Amendment prohibits suits against a state or its agency in federal court "absent waiver by the State or valid congressional override." *Ky. v. Graham*, 473 U.S. 159, 169 (1985); *see Davis v. N.Y.*, 316 F.3d 93, 101 (2d Cir. 2002). Section 1983 does not contain a valid congressional override because it "does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States." *Quern v. Jordan*, 440 U.S 332, 345 (1979). Furthermore, damages claims against state officials in their official capacities are considered claims against the State and are barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). As New York has not waived its Eleventh Amendment protection, and § 1983 does not allow for suits against the State, suits against the State of New York and its agents must be dismissed. However, the Eleventh Amendment "does not bar actions for damages against state officials in their personal capacities." *Keitt v. N.Y.C.*, 882 F. Supp. 2d 412, 448 (S.D.N.Y. 2011) (citing *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993)).

Defendants are employees of DOCCS and, as such, officials of the State of New York. Plaintiff's claims against Defendants in their official capacities are therefore considered to be claims against the State, and are barred by the Eleventh Amendment. [1]

---

[1] Plaintiff's claims against Defendants in their personal capacities are barred by the statute of limitations or Plaintiff's failure to exhaust administrative remedies. The Court analyzes these issues in Sections IV and V of this opinion and order.

**IV.**  **Statute of Limitations**

Defendants argue that Plaintiff's claims are barred by the statute of limitations. "The

statute of limitations applicable to claims brought under . . . [§] 1983 in New York is three

years." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004). Section 1983

claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of

his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (internal citation and

quotation marks omitted).  Moreover, under the Prison Litigation Reform Act of 1995 ("PLRA"),

inmates must exhaust their administrative remedies before bringing a civil suit. *See* 42 U.S.C. §

1997e(a). In order to avoid this requirement from time-barring potential claims, the "statute of

limitations must be tolled while a prisoner completes the mandatory exhaustion process."

*Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011) (internal citation and quotation marks

omitted). Finally, a pro se prisoner's complaint is considered filed on the date that the prisoner

delivers the complaint to prison officials to send to the court. *See Dory v. Ryan*, 999 F.2d 679,

682 (2d Cir. 1993). Plaintiff delivered his complaint to prison officials on December 27, 2013.

    *A.*    *Racial Discrimination Claim Against Peterson*

Plaintiff brings a racial discrimination claim under the Equal Protection Clause of the

Fourteenth Amendment against Defendant Peterson for removing Plaintiff from his class due to

his body odor on April 8, 2010. Plaintiff contends that he did not smell and was discriminated

against for being Haitian. Plaintiff filed a grievance against Defendant Peterson on April 12,

2010 for his alleged discriminatory actions, and the CORC rendered a decision on July 7, 2010.

(Compl. Ex. D.) Accounting for the time Plaintiff spent exhausting his administrative remedies –

87 days – the statute of limitations for Plaintiff's racial discrimination claim expired on July 4,

2013. Plaintiff's claim was filed on December 27, 2013, more than five months after the

limitations period expired, and therefore requires dismissal.

>    B.    *Retaliation and Conspiracy Claims Against Peterson and Ellert*

Next, Plaintiff brings retaliation and conspiracy claims against Defendants Peterson and Ellert related to Plaintiff's filing of a grievance following his failed examination on September 25, 2010. Plaintiff filed a grievance against Defendants Peterson and Ellert on October 8, 2010 alleging retaliation, conspiracy, and denial of a fair test. The CORC rendered a final decision on January 5, 2011. (Compl. Ex. E.) Accounting for the time Plaintiff spent exhausting his administrative remedies – 90 days – the statute of limitations for Plaintiff's retaliation claims expired on December 24, 2010. Plaintiff's claim was filed on December 27, 2013, three days after the statute of limitations period expired, and therefore requires dismissal.

>    C.    *Deliberate Indifference Claim Against Lee*

Last, Plaintiff brings a deliberate indifference claim under the Eighth Amendment against Defendant Lee for failing to protect Plaintiff when he allegedly ignored Plaintiff's request for a transfer from Green Haven in October 2010. Plaintiff alleges that Defendant Lee was deliberately indifferent by ignoring Plaintiff's transfer request even though Plaintiff believed that inmates with whom Defendants Peterson and Ellert had a relationship sought to harm him. After realizing his initial request for a transfer was ignored, Plaintiff wrote to Defendant Lee on October 25, 2010, again requesting a transfer, at which time Plaintiff's deliberate indifference claim accrued. Plaintiff's claim was filed on December 27, 2013, over two months after the statute of limitations expired, and therefore requires dismissal.

## V.    **Failure to Exhaust Administrative Remedies**

Under the PLRA, inmates cannot bring any suit relating to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes . . . ." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Inmates

must properly exhaust administrative remedies by "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citation and quotation marks omitted). Failure to exhaust administrative remedies before commencing such lawsuits requires dismissal of federal claims asserted therein. *See generally Booth v. Churner*, 532 U.S. 731 (2001).

An inmate in the custody of DOCCS must follow the three-step process for the Inmate Grievance Program ("IGP"). 7 N.Y.C.R.R. § 701.5. First, the inmate must file a complaint with the IGRC. The committee will then issue a decision on the grievance. *Id.* § 701.5(a)-(b). The inmate may appeal the decision to the superintendent by completing the appeal section of the IGRC response form. *Id.* § 701.5(c). Finally, the inmate may appeal the superintendent's decision to the CORC by submitting the appropriate form to the grievance clerk within seven calendar days of the superintendent's response. *Id.* § 701.5(d).

Plaintiff does not allege any failed or obstructed attempt at filing further grievances regarding the claims in the Complaint. Insofar as Plaintiff alleges that he filed any other grievances, Plaintiff refers to events that are not alleged in the Complaint. (Pl.'s Opp. at ¶ 23, Exs. B, C, & D.) Therefore, the only grievances relevant to this matter are Plaintiff's grievances against Defendant Peterson for racial discrimination and against Defendants Peterson and Ellert for retaliation, conspiracy, and denial of a fair test.

Following dismissal of the time-barred claims, the only remaining claims against Defendants in their personal capacities are: (1) a racial discrimination claim against Defendant Ellert, which occurred on October 19, 2012; (2) a conspiracy claim against Defendants Peterson, Ellert, and Kutz, occurring sometime after October 8, 2010, concerning purported retaliation against Plaintiff for filing a grievance on that date; and (3) claims for retaliation, deliberate

indifference, and due process violations against Defendant Kutz occurring between January 2013 and March 2013.

Plaintiff has failed to exhaust his administrative remedies on these claims. According to CORC records[2] and Plaintiff's exhibits attached to the Complaint, Plaintiff's last grievance was dated October 8, 2010 and appears to have been filed through the IGP on or about October 15, 2010. (*See* Compl. Ex. E at 4.) As Defendants point out, Plaintiff has provided no evidence of filing grievances related to the remaining claims, all of which occurred after the last grievance attached to the Complaint. Even if such grievances were filed by Plaintiff, Plaintiff does not allege that he received favorable decisions on those grievances and CORC records do not indicate that he filed any appeals.

As all of Plaintiff's claims are barred by the applicable statute of limitations or were never administratively exhausted under the PLRA, the Court declines to consider Defendants' remaining arguments.

## VI.    Leave To Amend

"'[A] pro se complaint is to be read liberally,' and should not be dismissed without granting leave to replead at least once when such a reading 'gives any indication that a valid claim might be stated.'" *Barnes v. U.S.*, 204 Fed. App'x 918, 919 (2d Cir. 2006) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  "However, 'leave to amend a complaint may be denied when amendment would be futile.'" *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006)).

---

[2] Defendants filed CORC records in connection with the instant motion. (*See* Def.'s Mot. to Dismiss, Declaration of Jeffrey A. Hale, Ex. A.) The Court takes judicial notice of these records. *Zappulla*, 2013 WL 1387033 at * 1 ("Where . . . exhaustion of administrative remedies is a prerequisite to bringing suit, a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein.") (internal citation and quotation marks omitted).

Plaintiff raises a number of new allegations for the first time in his opposition to the instant motion. Although the Court would ordinarily grant Plaintiff the opportunity to amend his Complaint to include such allegations, Plaintiff's new claims would not survive a motion to dismiss as they are either barred by the statute of limitations or were never administratively exhausted. Further, to the extent that Plaintiff alleges his grievance appeals were never sent to CORC, (Pl.'s Opp. at ¶ 23), Plaintiff's arguments are unavailing and do not provide a basis to amend the Complaint.[3] Accordingly, as Plaintiff's amendment of the Complaint would be futile, the Court will not grant Plaintiff leave to replead at this time.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and Plaintiff's claims pursuant to 42 U.S.C. § 1983 are DISMISSED in accordance with this Opinion.

Dated:   July _13_, 2015
        White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[3] Plaintiff cites to two exhibits attached to his opposition papers for the allegation that Defendants did not send his grievance appeals to CORC. (See Pl.'s Opp. at ¶ 23, Exs. B & D.) In Paragraph 12 of Exhibit B, Plaintiff alleges that "SPVR. T. Mauro never sent any of my Code 49 complaints to CORC" and that Plaintiff never received a decision on Grievance GH-76195-13, arguably implying that it was also never sent to the CORC. Plaintiff does not provide any other facts regarding the "Code 49 complaints" and the grievance to which he cites *does* appear in the CORC's records – indicating that it was sent by prison officials to CORC -- and was closed on July 23, 2014. (See Def.'s Mot. to Dismiss, Declaration of Jeffrey A. Hale, Ex. A.) As that grievance apparently dealt with a medical records issue and does not relate to the allegations in Plaintiff's Complaint, the Court need not consider the allegations. See Donahue v. U.S. Dep't of Justice, 751 F. Supp. 45, 49 (S.D.N.Y. 1990) *abrogated on other grounds by Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004) (explaining that the Court may consider the allegations contained in a pro se plaintiff's memorandum of law "at least where those allegations are consistent with the allegations in the complaint.") Similarly, the grievances identified in Exhibit D were filed in 2014, after the events about which Plaintiff complains, and Plaintiff provides no additional facts upon which the Court could conclude that those grievances were in any way related to the events or issues underlying the Complaint. Therefore, the Court need not consider those allegations either.

13